**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANDREW BELL, | DOCKET NUMBERS |
| Appellant, | AT-0353-14-0525-B-1 |
| | AT-0752-14-0524-B-1 |
| v. | AT-3443-14-0184-B-2 |
| DEPARTMENT OF TRANSPORTATION, | |
| Agency. | DATE: August 5, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew Bell</u>, Atlanta, Georgia, pro se.

<u>Ryan M. Landers</u>, Esquire, College Park, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appellant's joined appeals as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The administrative judge issued an initial decision on April 29, 2015, dismissing the appellant's joined appeals as settled, pursuant to the parties' August 21, 2014 settlement agreement. *Bell v. Department of Transportation*, MSPB Docket No. AT-0353-14-0525-B-1, Remand File (RF), Tab 5, Initial Decision (ID).[2] The initial decision explicitly stated that the deadline to file a petition for review was June 3, 2015, and provided information as to how to file a petition for review. ID at 2-5. The initial decision was sent to the appellant's former representative, as well as the appellant's post office box, via U.S. Mail, on April 29, 2015. RF, Tab 6.

On November 19, 2019, the appellant hand-delivered a petition for review to the regional office, arguing, among other things, that the agency had not corrected his service computation date, and asserting that the agency engaged in bad acts, both before and after the signing of the settlement agreement, including interfering with his claim for Office of Workers' Compensation Programs benefits. Petition for Review (PFR) File, Tab 1 at 1-3. That filing was forwarded to Board headquarters. PFR File, Tab 2. The Acting Clerk of the Board issued a letter to the appellant asking him to clarify the purpose of his filing, *id.*, and the appellant stated that his filing should be considered a petition for review of the compliance initial decision in MSPB Docket No. AT-0353-14-0525-C-3, as well as the initial decision issued in the joined appeals of MSPB Docket Nos. AT-0343-14-0525-B-1, AT-0353-14-0524-B-1, and AT-3443-14-0184-B-2.[3] PFR File, Tab 3 at 4.

The Acting Clerk of the Board then issued the appellant an acknowledgment letter, advising him that his petition for review of the initial decision was filed after the June 3, 2015 deadline, and that he should file a

---

[2] Because MSPB Docket No. AT-0353-14-0525-B-1 is designated as the lead case, we cite to this case.

[3] The Board will issue a separate decision addressing the appellant's petition for review in MSPB Docket No. AT-0353-14-0525-C-3.

motion with the Board to accept the filing as timely, or to waive the time limit for good cause shown.  PFR File, Tab 4 at 2.  The appellant did not file a motion with the Board addressing the approximately 4½-year filing delay,[4] and the agency did not respond to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision.  5 C.F.R. § 1201.114(e).  It is the appellant's burden of proof, by a preponderance of the evidence, to establish the timeliness of his petition for review.  5 C.F.R. § 1201.56(b)(2)(B); *McPherson v. Department of the Treasury*, 104 M.S.P.R. 547, ¶ 4 (2007) (stating that the appellant bears the burden of proof with regards to timeliness, which he must establish by preponderant evidence).

A petition for review of the initial decision in this matter was due no later than June 3, 2015.  ID at 2.  The appellant did not file his petition for review until November 19, 2019, i.e., approximately 4½ years later.  PFR File, Tab 1.  The certificate of service confirms that the initial decision was sent to both the appellant and his former representative, via U.S. Mail.  RF, Tab 6.  The appellant has not claimed that the address was incorrect, or that he did not receive the initial decision.  Therefore, the appellant has not established that his appeal was timely filed.

As the appellant filed his petition for review late, the issue is whether he established good cause to waive the time limit.  The Board will waive a petition for review time limit only upon a showing of good cause for the delay in filing.

---

[4] The appellant filed a motion with the Board to accept his petition for review in MSPB Docket No. AT-0353-14-0525-C-3 as timely filed or to waive the time limit.  *Bell v. Department of Transportation*, MSPB Docket No. AT-0353-14-0525-C-3, Compliance Petition for Review File, Tab 7.  This motion does not address the nearly 4½-year filing delay present in this case.  *Id.*

5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Rivera*, 111 M.S.P.R. 581, ¶ 4 (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

The appellant has not established good cause for his delay in filing. PFR File, Tab 1. While we recognize that the appellant is pro se, he filed his petition for review approximately 4½ years late, which is a considerable filing delay. *See Owuor v. Department of Justice*, 99 M.S.P.R. 192, ¶ 9 (2005) (explaining that a 4-year filing delay is significant, even in light of the appellant's pro se status); *Bergamy v. U.S. Soldiers' and Airmen's Home*, 90 M.S.P.R. 1, ¶ 4 (2001) (stating that a filing delay of almost 4 years is significant). Further, on review, the appellant did not file any motion addressing the 4½-year filing delay, despite the Office of the Clerk advising him that he needed to establish either that his petition for review was timely filed, or demonstrate good cause for the delay. PFR File, Tab 4 at 2. Such silence does not constitute a showing of good cause. *Gonzalez-Piloto v. Administrative Office of the U.S. Courts*, 100 M.S.P.R. 363, ¶ 5 (2005); *Ollado v. Office of Personnel Management*, 98 M.S.P.R. 618, ¶ 5, *aff'd*, 157 F. App'x. 301 (Fed. Cir. 2005); *see Moyer v. Department of Agriculture*, 96 M.S.P.R. 22, ¶ 6 (2004) (finding that the appellant did not establish good cause for his untimely petition for review when he did not provide

any explanation regarding the 14-month filing delay). Thus, we find no basis to waive the time limit for the appellant's petition for review.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] The Office of the Clerk of the Board has advised that a few of the pleadings submitted by the parties into the administrative record of the appellant's initial appeals during 2013 and 2014 could not be located. This administrative record issue has no impact on the disposition of this matter, and thus, it has not prejudiced the appellant.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.